POWELL v. STEPHENS et al.

(Court of Civil Appeals of Texas. Austin. Nov. 27, 1912.)

APPEAL AND ERROR (§ 756*)—BRIEFS—FORM AND REQUISITES.

Act April 8, 1909 (Laws 31st Leg. [1st Called Sess.] c. 6) provides that on appeal to the Court of Civil Appeals the attorneys for both parties may file written or printed briefs, if written, not to exceed 15 pages; and rule 37, as amended October 30, 1912 (see Amendment to Rules, 149 S. W. x), provides that briefs may consist of 15 pages of foolscap. A typewritten brief containing 22½ pages of double-spaced typewritten matter, on paper of the size of ordinary letter heads, gotten up in book form, and which, if single-spaced, would not have contain-

ed over 12 pages of letter size, does not violate the rules or the statute, and will not be stricken out on motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. § 756.*]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Action between Mrs. M. E. Powell and W. H. Stephens and others. Judgment for Stephens and others, and Mrs. Powell appeals. Opinion on appellees' motion to strike brief of appellant. Motion overruled.

Walter C. Woodward and Woodward & Baker, all of Coleman, for the motion.

RICE, J. Appellees have filed their motion to strike out appellant's brief, on the ground that the same contains more than 8 pages of foolscap paper, and more than 15 pages of typewritten matter, and is not printed as required by the rules of the Supreme Court, adopted January 24, 1912, and the statute relative to the preparation and filing of briefs in this court, alleging that said brief of appellant is typewritten and contains 22 pages, and is therefore in conflict with law and the rules of said court.

As this motion involves a matter of considerable importance to the bar, it is deemed advisable to collate the statute and rules pertaining thereto, and to express our views thereon. By the act of April 8, 1909 (Laws 31st Leg. [1st Called Sess.] p. 270), it is provided that, "when any case or suit may be taken up from any inferior court to the Court of Civil Appeals, whether by appeal, writ of error or otherwise, it shall be lawful for the attorney for both the plaintiff and defendant to file in the papers of said suit or cause, written or printed briefs or argument; if written, not to exceed fifteen pages, and that said court shall be required to notice the same as if it were the personal appearance of said attorney, and shall not dismiss any suit or cause where such brief or argument of counsel is filed with the papers for want of other or further prosecution."

Prior to the enactment of this statute, the Supreme Court had formulated rule 37 for the preparation of briefs in this court, which reads as follows: "The brief of the parties framed in accordance with these rules must be signed by the party or his counsel; and if by counsel it shall appear for and on behalf of what party or parties, by name, it is signed; and the copies thereof filed in the appellate court shall be plainly written or printed, and if it covers more than eight pages of foolscap, they shall be printed." This rule, however, was amended by the Supreme Court on October 30, 1912, by providing that said brief may consist of 15 pages of foolscap, instead of 8, as theretofore, so as to conform with the statute just quoted on

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

this subject. See Amendment to Rules, 149 S. W. x.

The brief complained of contains 22½ pages of double-spaced typewritten matter, on paper of the size of ordinary letter heads, and is gotten up in book form. Many of the pages are so spaced that their contents, double-spaced, could have been placed on half a page of foolscap, for which reason the brief comes within the purview of the statute and rule. If this brief had been single-spaced, as many are, it would not have contained over 12 pages of letter-size paper. We therefore hold that the brief in question does not violate the rule or statute, and is not subject to the objection made.

We wish to commend the manner in which this brief is prepared, in that it is double-spaced, clearly written on heavy paper, which renders it much more legible than if single-spaced and written on thin paper. It sets out the assignments, propositions, and statements, each on a line to itself, in capital letters, and in a manner to readily catch the eye, all of which materially aid the court in its examination of the brief.

For the reasons above stated, we overrule appellees' motion to strike out said brief.